**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Randy Allen McElhaney,

Plaintiff,

v.

Heidi E. Washington, *et al.*,

Defendants.

_________________________________/

Case No. 21-13021

Judith E. Levy
United States District Judge

Mag. Judge David R. Grand

# OPINION AND ORDER DENYING IN PART PLAINTIFF'S OBJECTIONS [73] AND ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [72]

On June 23, 2026, Magistrate Judge David R. Grand issued a Report and Recommendation ("R&R") (ECF No. 72) recommending the Court grant two motions for summary judgment: (1) a motion for summary judgment filed by Defendant Donna Rohrs, who was employed by Corizon Healthcare, Inc.[1] (ECF No. 61); and (2) a motion for summary

[1] The Court previously dismissed Defendants Corizon Healthcare, Inc. and Jordan Block, P.A. from the case. (ECF No. 43.) As a result, they are no longer parties to this action.

judgment filed by Defendants Michelle Kirby, Douglas Shelton, Gerald Masley, and Jessica Moore, who are current or former employees of the Michigan Department of Corrections (MDOC) (collectively, the "MDOC Defendants"). (ECF No. 62.) Plaintiff Randy Allen McElhaney timely filed objections to the R&R. (ECF No. 73.) Defendants filed responses to the objections. (ECF Nos. 74, 75.)

For the reasons set forth below, the Court denies in part Plaintiff's objections (ECF No. 73), adopts in part the R&R (ECF No. 72), grants Defendants' motions for summary judgment (ECF Nos. 61, 62), and holds in abeyance Plaintiff's remaining state law gross negligence claim against the MDOC Defendants.

## I. Background

The factual background set forth in the R&R is fully adopted as though set forth in this Opinion and Order. (*See* ECF No. 72, PageID.1094–1100.)

As the R&R notes, Plaintiff alleges in the complaint that Defendants "were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment" as well as grossly negligent in violation of state law. (*Id.* at PageID.1100.) Rohrs seeks summary

judgment on both his Eighth Amendment claim and his gross negligence claim. (ECF No. 61.) The MDOC Defendants seek summary judgment on the Eighth Amendment claim and ask that the Court decline to exercise supplemental jurisdiction over the gross negligence claim. (ECF No. 62.) The R&R recommends that the Court (1) grant the two summary judgment motions and (2) grant summary judgment *sua sponte* to the MDOC Defendants on the gross negligence claim. (ECF No. 72.) The R&R does not recommend that the Court decline to exercise supplemental jurisdiction over the gross negligence claim against the MDOC Defendants.

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893

F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation, *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

## III. Analysis

### A. Objections One, Three, Four, Five, and Six

Plaintiff's first, third, fourth,[2] fifth, and sixth objections restate arguments that Plaintiff previously presented to Magistrate Judge Grand in his response to Defendants' motions for summary judgment. (*See generally* ECF Nos. 63, 73.) Such objections are improper. *See Coleman-Bey*, 287 F. App'x at 422 (citing *Brumley*, 269 F.3d at 647).

---

[2] In addition to restating arguments made to Magistrate Judge Grand, Plaintiff's fourth objection implies that the R&R relies on *Blosser v. Gilbert*, 422 F. App'x 453 (6th Cir. 2011). (ECF No. 73, PageID.1128–1129 ("Plaintiff further objects to the R&R's reliance on the absence of expert proof because this case is materially distinguishable from *Blosser v. Gilbert*, 422 Fed. Appx. 453, 459 (6th Cir. 2011)(unpublished).").) The R&R did not rely on *Blosser*. (*See* ECF No. 72 (containing no citations to *Blosser*).) Nevertheless, *Blosser* is not materially distinguishable from this case. The plaintiff in *Blosser* alleged that he suffered a biceps tendon rupture which he would have had surgery to repair but for a delay in care. *Blosser*, 422 F. App'x at 455. He claimed that his Eighth Amendment rights were violated because the defendant "exhibited deliberate indifference to his serious medical needs by failing timely and adequately to provide medical care for his injured arm." *Id.* at 459. Like Plaintiff in this case, the plaintiff in *Blosser* (1) was "regularly examined by the medical staff at the prison and received . . . care—he was just not sent to the specialist right away," *id.* at 460–61, (2) claimed that his treatment was inadequate, which triggered the requirement that he provide "verifying medical evidence of the detrimental effect of the delay to succeed," *id.* at 461 (citing *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001)), and (3) failed to prove his claim under the "effect-of-delay" standard because the evidence did not establish that he was a candidate for surgery prior to the delayed treatment, or that he in fact "would have received surgery had he visited [the doctor] earlier." *Id.* Plaintiff's attempt to distinguish this case from *Blosser* (*see* ECF No. 73, PageID.1129) fails because, as in *Blosser*, no evidence in the record shows that Plaintiff was, at any time prior to his allegedly delayed care, a candidate for surgery to treat his ruptured biceps and that he lost the opportunity for surgical repair due to a delay in treatment. Therefore, Plaintiff's fourth objection is denied not only because it restates arguments made to Magistrate Judge Grand, but also because it both misrepresents the R&R and lacks merit.

Accordingly, Plaintiff's first, third, fourth, fifth, and sixth objections are DENIED.

**B. Objection Two**

Plaintiff's second objection largely restates arguments that were presented to Magistrate Judge Grand. The portion of the objection that repeats arguments made to Magistrate Judge Grand is improper and is therefore denied. *See id.*

The remaining part of Plaintiff's second objection contains a new reference to the record to bolster Plaintiff's previously made arguments. (ECF No. 73, PageID.1122–1125.) The Court addresses that portion of the objection below.

Some context regarding Rohrs' treatment of Plaintiff is necessary to explain why the remainder of Plaintiff's second objection fails. Rohrs saw Plaintiff only once, on February 19, 2020, to examine his bicep—nearly two months after his initial injury and after other medical professionals had seen Plaintiff. (ECF No. 72, PageID.1096–1098, 1107–1110.) Rohrs suspected that Plaintiff tore his bicep and recommended an ultrasound to obtain a definitive diagnosis. (*Id.* at PageID.1096–1097.) Rohrs entered a request for an ultrasound for Plaintiff that she labeled

as "Routine (review within 14 days)," rather than "urgent." (*Id.* at PageID.1097.) The ultrasound request was reviewed and approved the same day it was entered by Rohrs: February 19, 2020, though scheduling remained pending for at least nine days. (*Id.* at PageID.1097–1098.) It appears that the ultrasound was originally scheduled for April 1, 2020, and then delayed due to the COVID-19 pandemic. (*Id.* at PageID.1098.) The ultrasound "was [ultimately] performed on May 14, 2020." (*Id.* at PageID.1099.)

Plaintiff's deliberate indifference claim against Rohrs hinges entirely on Rohrs' decision to label the ultrasound request "Routine," which he alleges (1) prevented him from receiving an ultrasound sooner than he did, and, ultimately, prevented him from receiving surgery, and (2) constituted deliberate indifference. (*Id.* at PageID.1107.) In relevant part, the R&R finds that Plaintiff cannot establish that Rohrs' decision to label the referral request as "Routine" caused Plaintiff "to suffer any harm whatsoever, let alone a 'functional deficit' in his left arm 'for the rest of his life'" because regardless of how Rohrs labeled the ultrasound request, it was reviewed and approved the same day that it was submitted. (*Id.* at PageID.1109.) The R&R states that

> any subsequent delay that might have occurred in the scheduling of [Plaintiff's] ultrasound—whether as a result of administrative delays, the COVID-19 pandemic, or anything else—cannot be attributed to . . . Rohrs, as it is undisputed that her involvement in the process ended when she placed the referral request at issue. To the extent [Plaintiff] argues that the ultrasound and/or surgery may have occurred earlier had . . . Rohrs labeled the referral request differently . . . , such an argument is wholly speculative. Indeed, at oral argument [Plaintiff's] counsel admitted that he has no evidence to suggest that had . . . Rohrs attached a different label to the ultrasound request—such as "urgent" or "emergency"—the ultrasound and/or surgery would have occurred any sooner. . . . As such, there is no genuine issue of material fact as to whether . . . Rohrs' challenged conduct *caused* the alleged harm, and summary judgment is warranted.

(*Id.* at PageID.1109–1110 (citations omitted).)

Plaintiff objects to the R&R's conclusion that it is fatal to Plaintiff's claim that "the ultrasound request was approved the same day, and that therefore 'any subsequent delay' cannot be attributed to Rohrs." (ECF No. 73, PageID.1122 (quoting ECF No. 72, PageID.1109).) The sole aspect of Plaintiff's objection that Plaintiff had not previously raised before Magistrate Judge Grand is a citation to a *different* ultrasound request in the record, labeled "urgent" rather than "routine." (*Id.* at PageID.1122–1125.) That request was approved the same day that it was entered, and the ultrasound occurred two days later. (*Id.*) Plaintiff argues that the

speed with which this "urgent" ultrasound request was resolved "is evidence from which a jury could find that priority and escalation mattered." (*Id.* at PageID.1124.)

Plaintiff's argument that his ultrasound might have occurred earlier had Rohrs labeled the request "urgent" rather than "routine" remains wholly speculative with or without this reference to the other ultrasound request in the record. (*See* ECF No. 72, PageID.1109–1110.) To the extent Plaintiff's second objection points to evidence Plaintiff had not previously raised before Magistrate Judge Grand, that evidence fails to create a question of fact from which a jury could find in Plaintiff's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Accordingly, the portion of Plaintiff's second objection that references additional evidence in the record can be—and is—denied on that basis.

But even if Plaintiff could establish that Rohrs' labeling of the ultrasound request as "Routine" delayed his treatment, he would still be unable to sustain his Eighth Amendment claim. To prevail on an Eighth Amendment claim, a plaintiff arguing that a delay in treatment caused

harm must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier*, 238 F.3d at 742 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994))); *see also Phillips v. Tangilag*, 14 F.4th 524, 534–35 (6th Cir. 2021) (holding that in Eighth Amendment cases in which "some care" is provided, prisoners must introduce "medical evidence" to "prove grossly inadequate care"). Plaintiff claims that he was harmed by the alleged delay in treatment because the delay caused him to lose the opportunity for surgical repair of his tendon. (*See* ECF No. 63, PageID.1048–1050.) But Plaintiff points to no evidence in the record that would allow a reasonable jury to infer that he was in fact a candidate for surgery when Rohrs evaluated him, and thus that he was harmed because the delay in treatment caused him to lose his surgery candidacy.[3]

---

[3] In his first objection, Plaintiff presents (not for the first time) all of the evidence in the record that he argues establishes the detrimental effect of the delay in medical treatment as required by *Napier*, 238 F.3d at 742: (1) Rohrs' February 19, 2020 note containing findings consistent with distal biceps rupture and stating that treatment "typically involves expedited surgical repair"; (2) a May 14, 2020 ultrasound documenting a tear of the bicipital tendon; and (3) a June 22, 2020 medical record stating that, in an orthopedic surgery evaluation on June 17, 2020, Plaintiff's biceps tendon tear was not repairable given the retraction of the muscle and the time since the initial injury. (ECF No. 73, PageID.1120–1121.) But nowhere does Plaintiff provide "verifying medical evidence" (for example, expert testimony) establishing

Without this evidence, Plaintiff's Eighth Amendment claim fails. *See Blosser*, 422 F. App'x at 461 (affirming grant of summary judgment for defendants on Eighth Amendment claim because plaintiff alleging "that his ruptured biceps tendon [was] inoperable as a result of . . . delay" failed to establish that he was a candidate for surgery prior to that delay).

And even if Plaintiff had presented this evidence, a jury still could not find in his favor on his Eighth Amendment or gross negligence claim because—as the R&R determines—there is no evidence that Rohrs acted with a sufficiently culpable mental state to sustain Plaintiff's claims. (*See* ECF No. 72, PageID.1108–1112.) *See Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (outlining elements of an Eighth Amendment deliberate indifference claim, including that an "official must have acted with a state of mind similar to recklessness"); MCL § 691.1407(8)(a) (defining gross negligence as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results"). As the R&R concluded, Plaintiff has not demonstrated that Rohrs acted with recklessness. (ECF No. 72, PageID.1109, 1111.) As a result, Plaintiff does

---

that he was a candidate for surgery at the time of Rohrs' examination and ultrasound request. *See Napier*, 238 F.3d at 742.

not show that it is improper for the Court to adopt the R&R's recommendation to grant summary judgment to Rohrs on both claims.

Accordingly, Plaintiff's second objection is DENIED.

### C. Objection Seven

In his seventh objection, Plaintiff takes issue with "the R&R's sua sponte recommendation that summary judgment be granted to the MDOC Defendants on the state law gross negligence claim." (ECF No. 73, PageID.1133.) Plaintiff argues that the recommendation is improper because he did not receive notice under Federal Rule of Civil Procedure 56(f). (*Id.* at PageID.1134.)

Rule 56(f) provides that

> [a]fter giving notice and a reasonable time to respond, the court may:
>
> (1) grant summary judgment for a nonmovant;
>
> (2) grant the motion on grounds not raised by a party; or
>
> (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

Fed. R. Civ. P. 56(f). The Sixth Circuit has stated that "[a] district court does not abuse its discretion in sua sponte granting summary judgment so long as 'the losing party was on notice that it had to come forward with

all of its evidence [and had a] reasonable opportunity to respond to all the issues to be considered by the court.'" *Bennett v. City of Eastpointe*, 410 F.3d 810, 816 (6th Cir. 2005) (quoting *Shelby Cnty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Tr. Fund*, 203 F.3d 926, 931 (6th Cir. 2000)).). "[A] court must provide a party with a reasonable opportunity to respond" to a *sua sponte* entry of judgment "by adhering to the same ten-day time frame prescribed for a party's motion for summary judgment." *Turcar, LLC v. I.R.S.*, 451 F. App'x 509, 513 (6th Cir. 2011); *Lenoir v. Shelby Cnty. Health Care Corp.*, No. 25-5073, 2025 WL 2954573, at *3 (6th Cir. Oct. 20, 2025) ("The clearly established rule in this circuit is that a district court must afford the party against whom *sua sponte* summary judgment is to be entered ten-days notice and an adequate opportunity to respond." (quoting *Yashon v. Gregory*, 737 F.2d 547, 552 (6th Cir. 1984)).

Here, by recommending that the Court grant summary judgment *sua sponte* to the MDOC Defendants on the gross negligence claim, the R&R put Plaintiff on notice that the Court would consider the issue, and therefore that Plaintiff should come forward with all of his evidence. (*See* ECF No. 72, PageID.1110–1112.) *See Turcar, LLC*, 451 F. App'x at 513

("The 'key inquiry' is whether the losing party was on sufficient notice that it needed to come forward with all its evidence required to withstand summary judgment," and "th[e] Court looks to the totality of the proceedings below" to determine if there was "sufficient notice of the possibility that summary judgment could be granted") (citations omitted)). The R&R's recommendation that the Court grant summary judgment on the gross negligence claim distinguishes this case from *Bennett v. City of Eastpointe*, 410 F.3d at 817, in which "nothing gave the plaintiffs any notice that they would be forced to defend against a nonexistent motion by the defendants for summary judgment on the Fourteenth Amendment claims." The Court appreciates the Magistrate Judge's effort to address all claims in the case in a substantive manner. In fact, that Plaintiff's seventh objection directly addresses the R&R's recommendation that the Court grant judgment *sua sponte* confirms that he was on notice of the R&R's recommendation, because he directly addressed it. (ECF No. 73, PageID.1133–1135.) And though Plaintiff failed to put forth all of the evidence in his favor on the issue in his objection, he points to no legal authority that prevented him from doing so. Moreover, Plaintiff had a reasonable opportunity to respond because

he had fourteen days to object to the R&R under Federal Rule of Civil Procedure 72(b)(2). *See Lenoir*, 2025 WL 2954573, at *7 (citing Sixth Circuit cases holding fourteen-days' notice and ten-days' notice of intent to enter summary judgment was "adequate notice and opportunity to respond"). The Court would not abuse its discretion by granting summary judgment *sua sponte* to the MDOC Defendants on the gross negligence claim and denying Plaintiff's seventh objection.

Nevertheless, the Court recognizes that granting summary judgment *sua sponte* is a "disfavored" practice in the Sixth Circuit. *Turcar, LLC*, 451 F. App'x at 513 (quoting *Shelby Cnty. Health Care Corp.*, 203 F.3d at 931). Moreover, though Plaintiff had the opportunity to use his seventh objection to come forward with all evidence required to withstand summary judgment on the gross negligence claim against the MDOC Defendants, he failed to do so. Given these circumstances, the Court holds in abeyance for fourteen days the R&R's recommendation to grant summary judgment *sua sponte* on the gross negligence claim against the MDOC Defendants. Plaintiff has until October 12, 2026—fourteen days from the date of this Order—to put forth in no more than fifteen pages all material facts in support of his argument that summary

judgment is not warranted on this claim. If Plaintiff does not submit such briefing, the Court will adopt the R&R's recommendation that it grant summary judgment on Plaintiff's gross negligence claim against the MDOC Defendants. If Plaintiff submits such briefing, the MDOC Defendants will have fourteen days from the date of Plaintiff's submission to file a response brief, also limited to fifteen pages. Plaintiff will then have seven days from the filing of a response brief, if any, to file a reply brief limited to five pages.

Accordingly, Plaintiff's seventh objection is HELD IN ABEYANCE, and the Court HOLDS IN ABEYANCE the part of the R&R recommending the *sua sponte* grant of summary judgment on the gross negligence claim against the MDOC Defendants.

## IV. Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's first through sixth objections (ECF No. 73), ADOPTS IN PART the R&R (ECF No. 72), GRANTS Rohrs' motion for summary judgment (ECF No. 61) as to Plaintiff's Eighth Amendment claim and gross negligence claim, GRANTS the MDOC Defendants' motion for summary judgment (ECF

No. 62) as to Plaintiff's Eighth Amendment claim,[4] and HOLDS IN ABEYANCE (1) Plaintiff's seventh objection and (2) the R&R's recommendation that the Court *sua sponte* grant summary judgment on the gross negligence claim against the MDOC Defendants. Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's gross negligence claim against Rohrs and his Eighth Amendment claim against all Defendants, and HOLDS IN ABEYANCE Plaintiff's gross negligence claim against the MDOC Defendants.

The Court is saddened that Plaintiff is now saddled with an injury that may plague him for the rest of his life. But based on the evidence presented to the Court, Defendants did not violate Plaintiff's Eighth Amendment rights, nor was Rohrs grossly negligent.

IT IS SO ORDERED.

Dated: September 28, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

---

[4] Plaintiff argues that the R&R "reaches summary judgment only by drawing *defense-favorable inferences* from the record." (ECF No. 73, PageID.1135 (emphasis in original).) The Court diligently reviewed the entirety of the R&R for defense-favorable inferences and found none.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 28, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager